United States District Court
Eastern District of Michigan
Southern Division

Great Lakes Acquisition Corp.
d/b/a Elara Caring,

    Plaintiff,

v.

Paradigm Living Concepts, LLC d/b/a/
Paradigm Health, Amy Stone, and
Mitasha Owens,

    Defendants.

Case No. 20-10781

Hon. Bernard A. Friedman

Magistrate Judge Michael J. Hluchaniuk

## **Stipulated Order of Dismissal and Permanent Injunction**

This matter having come before the Court on the stipulation of Plaintiff Great Lakes Acquisition Corp. d/b/a Elara Caring ("Elara") and Defendants Paradigm Living Concepts, LLC d/b/a/ Paradigm Health ("Paradigm"), Amy Stone ("Stone"), and Mitasha Owens ("Owens") (Plaintiff and Defendants are collectively the "Parties") for a stipulated order and permanent injunction; the Parties, in the interest of avoiding further time and expense in litigating this matter, having reached a settlement of this lawsuit, without admission of any wrongdoing or liability, a key component of which is the entry of this Order, and having waived the entry of findings of facts and conclusions of law, and being represented by their

1

own independently selected counsel; the Court having reviewed the pleadings, motions, and sworn declarations in this matter; the Court orders:

1. Defendants have represented to the Court in sworn declarations – dated May 11, 2020 (Owens); dated May 11, 2020 (Stone); dated May 18, 2020 (Paradigm's President and CEO Jeff Jarecki) – that they have undertaken reasonable efforts to search for Elara's "Confidential Information" (as that term is defined in the Parties' Settlement Agreement) and either returned to Elara such information or did not find such information in their possession, custody, or control. Based on these representations and the stipulation of the parties, Defendants are permanently enjoined from using or disclosing Elara's Confidential Information and, if any Defendant later discovers or comes into the possession, custody, or control of Elara's Confidential Information, that Defendant must, without disclosing or using the information in any manner, promptly notify Elara, through counsel, and cooperate with Elara to return and/or delete the Confidential Information.

2. Until January 3, 2022, Owens and Paradigm are permanently enjoined from having Owens "directly or indirectly" (as that phrase is defined by the Parties' Settlement Agreement): (a) "solicit" (as that term is defined by the Parties' Settlement Agreement) any person who is a known employee of Elara to leave his or her employment with Elara or to work for Paradigm or any of its affiliates; and

(b) provide services, in any capacity, for Paradigm or any of its affiliates, other than direct patient care services and duties incidental to those services.

3.   Until December 1, 2021, Stone and Paradigm are permanently enjoined from having Stone "directly or indirectly" (as that phrase is defined by the Parties' Settlement Agreement): (a) "solicit" (as that term is defined by the Parties' Settlement Agreement) any person who is a known employee of Elara to leave his or her employment with Elara or to work for Paradigm or any of its affiliates; and (b) "solicit" or "market" for Paradigm or any of its affiliates the following referral sources: Community Howard Regional Health (Kokomo, Indiana), Community Hospital Anderson (Anderson, Indiana), Marion VA Medical Center (Marion, Indiana), Waterford Place Health Campus (Kokomo, Indiana), IU Health Ball Memorial Hospital (Muncie, Indiana), and IU Tipton Hospital (Tipton, Indiana). Stone's involvement on behalf of Paradigm with any referral source not listed in the preceding sentence shall not violate this Order.

4.   In the event that any Defendant violates this Order or breaches the Parties' Settlement Agreement, Elara may seek all remedies available at law and equity, including recovery of damages from the breaching Defendant resulting from the violation or breach. Further, in the event of any violation or attempted violation of this Order or of the Settlement Agreement, the Court will extend the permanent injunction for a period equal to the time period beginning on the date

the violation commenced and ending when the activities constituting such violation terminated. Before Elara files any legal action or seeks any relief from the Court because of or related to a violation of this Order or breach of the Settlement Agreement, Elara shall provide the breaching Defendant with written notice of the violation or breach and give that Defendant fifteen (15) days to respond in writing and attempt, in good faith, to resolve the matter informally. If Elara and the Defendant are not able to resolve the matter, Elara may take legal action and should any motion, claim, or enforcement action be instituted by Elara, Elara shall be entitled to its reasonable attorneys' fees, costs, and litigation expenses from the breaching Defendant, should Elara prevail.

5. The Court finds that the limited restrictions of this Order are reasonable, valid, and enforceable.

6. This lawsuit is hereby dismissed, with prejudice. The Court maintains jurisdiction over Defendants to enforce this Order and the parties' Settlement Agreement.

IT IS SO ORDERED.

Dated: June 10, 2020
    Detroit, Michigan

s/Bernard A. Friedman
Bernard A. Friedman
Senior United States District Judge

So Stipulated:

| | |
|---|---|
| Kienbaum Hardy Viviano Pelton & Forrest, P.L.C.<br>Attorney for Plaintiff | Williams, Williams, Rattner & Plunkett, P.C.<br>Attorneys for Defendants |
| By: */s/Eric J. Pelton*_____<br>　　Eric J. Pelton (P40635)<br>　　Ryan D. Bohannon (P73394)<br>280 N. Old Woodward Ave., Ste. 400<br>Birmingham, MI  48009<br>(248) 645-0000<br>epelton@khvpf.com<br>rbohannon@khvpf.com | By:*/s/Richard E. Rassel (w/consent)*<br>　　Richard E. Rassel<br>380 N. Old Woodward Ave.,<br>Suite 300<br>Birmingham, MI  48009<br>(248) 642-0333<br>rer@wwrplaw.com |
| Dated: June 9, 2020 | Dated: June 9, 2020 |

5